UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: CIVIL ACTION 8:09mc118 |
| v. | : FILE NO. ~~09-sm-98~~ (MJD/JJK)<br>: 09sc 3333 (MJD/JJK) |
| TREVOR G. COOK, and PATRICK J. KILEY, et al., | :<br>: |
| Defendants, | : |
| and | : |
| BASEL GROUP, LLC, et al., | : |
| Relief Defendants. | : |

[Stamp: 09 DEC -7 PM 3:07 OFFICE OF THE CLERK, FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA]

**FILED UNDER SEAL**

**ORDER IMPOSING ASSET FREEZE AND OTHER ANCILLARY RELEIF AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Motion for an Asset Freeze, Appointment of a Receiver, and Other Ancillary Relief ("Motion") against Defendants Trevor G. Cook ("Cook"), Patrick J. Kiley ("Kiley"), UBS Diversified Growth, LLC ("UBS Diversified"), Universal Brokerage FX Management LLC ("Universal Brokerage"), Oxford Global Advisors, LLC ("Oxford Global Advisors") and Oxford Global Partners,

FILED 11/23/09
RICHARD D. SLETTEN
JUDGMENT ENTD
DEPUTY CLERK [signature]

1   (14)

LLC ("Oxford Global Partners") (collectively "Defendants"); Relief Defendants Basel Group, LLC ("Basel"), Crown Forex, LLC, Market Shot, LLC ("Market Shot"), PFG Coin and Bullion ("PFG"), Oxford FX Growth L.P. ("Oxford FX"), Oxford Global Managed Futures Fund ("Oxford Futures"), UBS Diversified FX Advisors, LLC ("UBS Advisors"), UBS Diversified FX Growth L.P. ("UBS Growth"), and UBS Diversified FX Management, LLC ("UBS Management") (collectively "Relief Defendant Shell Companies"); and Relief Defendants Clifford Berg and Ellen Berg. The Court has considered the Commission's Complaint, Motion, Memorandum in Support, and the declarations, exhibits and other documents filed in connection therewith, and having been fully advised in the premises, finds:

    A.    That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

    B.    That the Commission has made a prima facie showing that the Defendants have engaged in acts, practices, and transactions which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 CFR.§ 240.10b-5].

    C.  That there is good cause to believe that investor funds and assets which could be subject to an Order of disgorgement will be dissipated, concealed or transferred

from the jurisdiction of this Court. Accordingly, the Court hereby orders as follows:

## I.

## ORDER FREEZING ASSETS

**IT IS HEREBY ORDERED** that until otherwise ordered by this Court any and all assets of the Defendants and the Relief Defendant Shell Companies, in whatever form such assets may presently exist and wherever located (including funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, and all other assets), held in the name of the Defendants or the Relief Defendant Shell Companies, and/or held for the Defendants' and/or the Relief Defendant Shell Companies' benefit or on their behalf, including through corporations, trusts, partnerships, agents, nominees, friends or relatives; and all other funds, accounts, and other assets to which proceeds from the Defendants' offering can be traced or which were acquired with proceeds of the Defendants' offering are hereby frozen.

**IT IS HEREBY FURTHER ORDERED** that all funds, accounts, and other assets held by or for Relief Defendants Clifford Berg and Ellen Berg, which were received, directly or indirectly, from the Defendants or were acquired with funds or other assets received, directly or indirectly, from the Defendants are hereby frozen.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this

3

Court that the Defendants, the Relief Defendants, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

    A. transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as mortgage or credit card debt), or otherwise disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, and all other assets) owned by, controlled by, held for the benefit of, or in the possession of the Defendants and/or Relief Defendants, including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which any one or more of the Defendants and/or Relief Defendants have signatory authority or a beneficial interest; and

    B. transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating, incurring debt upon (such as mortgage or credit card

4

debt), or otherwise disposing of, in any manner, any assets (including funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, and all other assets) to which proceeds from the Defendants' offering can be traced or which were acquired with proceeds of the Defendants' offering.

IT IS HEREBY ORDERED that the assets frozen by this Order include, but are not limited to, the following accounts:

| ACCOUNT HOLDER | FINANCIAL INSTITUTION | ACCOUNT NUMBER | ACCOUNT NAME |
|---|---|---|---|
| Trevor Cook | Associated Bank | XXX - 8733 | Market Shot, LLC |
| Trevor Cook | Associated Bank | XXX - 2331 | Oxford Global FX, LLC |
| Trevor Cook, Jason & Hollie Beckman | Associated Bank | XXX - 2356 | Oxford Global Partners, LLC |
| Pat Kiley Julia Smith | Associated Bank | XXX - 5214 | Basel Group, LLC |
| Pat Kiley Julia Smith | Associated Bank | XXX - 1705 | Crown Forex, LLC |
| Pat Kiley Julia Smith | Associated Bank | XXX - 5601 XXX - 5619 | Universal Brokerage FX Management, LLC |
| Trevor Cook | Wells Fargo | XXX - 2686 | Market Shot, LLC |
| Trevor Cook | Wells Fargo | XXX - 6543 | Trevor Cook |
| Trevor Cook | Wells Fargo | XXX - 2702 | Trevor Cook dba PFG Coin and Bullion |
| Patrick Kiley | Wells Fargo | XXX - 9716 | UBS Diversified FX Advisors, LLC |

| | | | |
|---|---|---|---|
| Patrick Kiley | Wells Fargo | XXX - 5830 | UBS Diversified FX Management, LLC |
| Patrick Kiley | Wells Fargo | XXX - 2710 | UBS Diversified Growth, LLC |
| Patrick Kiley | Wells Fargo | XXX - 3573 | UBS Diversified FX Growth, L.P. |
| Jason Beckman | Wells Fargo | XXX - 5606 | Oxford Global Advisors, LLC |
| Unknown | Wells Fargo | XXX - 5598 | Oxford Global Advisors, LLC |
| Unknown | Wells Fargo | XXX - 5614 | Oxford Global Advisors, LLC |
| Unknown | Wells Fargo | XXX - 5572 | Oxford FX Growth L.P. |
| Clifford and Ellen Berg | Charles Schwab | Currently Unknown | Berg Brokerage Account |
| Clifford Berg | Charles Schwab | Currently Unknown | Clifford Berg IRA |
| Ellen Berg | Charles Schwab | Currently Unknown | Ellen Berg IRA |
| Trevor Cook | Crown Forex, S.A. | Currently Unknown | UBS Diversified Growth LLC |
| Trevor Cook | Crown Forex, S.A. | Currently Unknown | Oxford FX Growth, L.P |
| Trevor Cook | Crown Forex, S.A. | Currently Unknown | Trevor Cook |
| Trevor Cook | Saxo Bank | XXX – NETD | Oxford FX Growth, L.P. |
| Trevor Cook | Saxo Bank | XXX – NETC | Oxford FX Growth, L.P. |
| Trevor Cook | Saxo Bank | XXX – NETE | Oxford FX Growth, L.P. |
| Trevor Cook | Saxo Bank | XXX - INET | Oxford FX Growth, L.P. |
| Trevor Cook | PFG Best, Inc. | XXX - 549 | Oxford Global FX LLC |
| Trevor Cook | PFG Best, Inc. | XXX - 009 | UBS Diversified Growth LLC |
| Trevor Cook | PFG Best, Inc. | XXX - 159 | UBS Diversified Growth LLC |

**IT IS HEREBY ORDERED** that the assets frozen by this Order also include, but are not limited to, the following pieces of real estate:

1. **1900 LaSalle Ave, Minneapolis, MN, 55403**

6

2. 12644 Tiffany Court, Burnsville, MN, 55337

3. Panama Bay Hotel & Casino property; Finca Nos. 291482 and 291484; Located near the intersection of Avenida Juan Pablo II and Avenida Ricardo Alfaro in the Loceria neighborhood of Panama City, Panama

4. Parcel 4178 Rainy River, Island G 1251 containing 2.3 acres situated in Rainy Lake west of Sand Point Island District of Rainy River.

**IT IS HEREBY ORDERED** that the assets frozen by this Order also include, but are not limited to, all funds held for the benefit of the Defendants and/or Relief Defendants by the following law firms:

1. Neve & Associates, PLLC; Minnesota Center, 7760 France Avenue South, Suite 1100, Edina, MN, 55435; Office phone: 952-929-3232, Fax: 952-929-3939

2. Oberman Thompson & Segal, LLC; One Financial Plaza, 120 South Sixth Street, Suite 850, Minneapolis, MN, 55402; Office Phone: 612-217-6440, Fax: 612-217-6444

3. Law Offices of William J. Mauzy; 510 First Ave North, Suite 610, Minneapolis, MN, 55403; Office Phone: 612-340-9108, Fax: 612-340-1628

4. Saunders Law Group; 1891 California Ave, Suite 102, Corona, CA, 92881; Office Phone: 951-272-9114, Fax 951-270-5250

5. Peter B. Wold, P.A.; Barristers Trust Building, 247 Third Ave South, Minneapolis, MN, 55415; Office Phone: 612-341-2525, Fax: 612-341-0115

6. American Dream Law, LLC;1518 East Lake Street, #206 B, Minneapolis, MN, 55407, Office Phone: 612-735-2604, Fax: 888-323-4950

7

7.   McKinzie, Wilkes, & Mahmoud; 6772 Blantyre Blvd, Stone Mountain, GA, 30007, Office Phone: 219-381-0859

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court that any bank, financial or brokerage institution, law firm, or other person or entity holding any funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of the Defendants and/or Relief Defendants and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, and shall notify counsel for the Commission of the existence, nature, and amount of any such funds or other assets.

**IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by this Court all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

A.   Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting any of the Defendants or Relief Defendants, or any assets frozen pursuant to this Order;

B.   Using self-help or executing or issuing or causing the execution or issuance

8

of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of any of the Defendants or Relief Defendants, or any other assets frozen by this Order, wherever situated; and

C. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the defendants or otherwise affecting any of the Defendants or Relief Defendants, or any assets frozen by this Order.

## II.

## REPATRIATION

**IT IS HEREBY FURTHER ORDERED** that each Defendant and Relief Defendant shall, within five (5) business days of the date of this Order, repatriate to the territory of the United States any and all funds and assets that are held by the Defendant or Relief Defendant or are under its direct or indirect control, jointly or singly, or in which the Defendant or Relief Defendant has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in foreign bank, brokerage or other financial accounts; or

2. Transferred out of the United States from any account within the territory of the United States at any point from January 1, 2006 through the present; and

9

Each Defendant and Relief Defendant shall, within five (5) days of this Order deposit such repatriated funds into the Registry of this Court.

## III.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that each of the Defendants and Relief Defendants, shall produce to the Commission a sworn accounting within five (5) days of issuance of this Order. The sworn accountings shall:

A. list (1) all assets, funds and property received, directly or indirectly, from the Defendants' receipt, directly or indirectly, of money from members of the public relating to foreign currency trading activities; (2) the amount of such funds or value of such assets; (3) the location of such assets and the location where such funds were put and for each location provide the name and address of the bank, financial institution or any other entity the account name, the account number and the approximate date on which the funds were placed at the location; and (4) the uses to which such funds were put; and

B. list all of the assets and liabilities of the Defendant or Relief Defendant wherever located, and, with respect to each asset and liability state: (1) a description; (2) the amount or value; (3) the location including the name and address of the bank, financial institution or any other entity, the account name and the account number; and (4) the date the asset was acquired or the date the liability was incurred.

## IV.

## RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that the Defendants, the Relief Defendants, their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants, the Relief Defendants, or any matters described in the Complaint filed by the Commission in this action, wherever located, until further order of this Court.

## V.

## PLEADINGS AND WITNESSES FOR PRELIMINARY INJUNCTION HEARING

**IT IS HEREBY FURTHER ORDERED** that:

A. If any party to this action intends to present the testimony of any witness at any hearing on a preliminary injunction in this matter, that such party shall, at least 3 business days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony;

11

B.  The Defendants and the Relief Defendants, shall serve any answering affidavits, pleadings or legal memoranda on counsel for the Commission not less than 3 business days prior to any preliminary injunction hearing.

## VI.

## SERVICE AND NOTICE

**IT IS HEREBY FURTHER ORDERED** that service of this Order, any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to facsimile, email, overnight courier, personal delivery, or U.S. mail.

## VII.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS HEREBY FURTHER ORDERED** that nothing in this Order shall be construed to require that the Defendants and Relief Defendants, abandon or waive any constitutional or other legal privilege which they may have available to them.

12

## VIII.

## PRELIMINARY INJUNCTION HEARING DATE

**IT IS HEREBY FURTHER ORDERED** that the Defendants and Relief Defendants shall appear before this Court on the fourth day of December, 2009 at the hour of 9:30 o'clock, a.m., and then and there show cause why a preliminary injunction should not be granted in accordance with the prayer for relief in the Commission's Complaint and papers filed herein.

SO ORDERED:

DATED: Nov. 23, 2009

MICHAEL J. DAVIS
CHIEF JUDGE
UNITED STATES DISTRICT COURT