Case 0:09-cv-03333-MJD-JJK Document 18 Filed 11/24/09 Page 1 of 11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

TREVOR G. COOK, and
PATRICK J. KILEY, et al.,

    Defendants,

and

BASEL GROUP, LLC, et al.

    Relief Defendants.

CIVIL ACTION 8:09mc118
FILE NO. 09-sc-3333 MJD/JJK

FILED
09 DEC -7 PM 3:07
OFFICE OF THE CLERK
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

## FILED UNDER SEAL

## ORDER APPOINTING RECEIVER

On the basis of Plaintiff United States Securities and Exchange Commission's ("Commission") *Ex Parte* Motion for the Appointment of a Receiver, the Court having been advised in the premises and having considered the materials before it:

**IT IS HEREBY ORDERED THAT:**

The Court appoints R.J. Zayed, Carlson, Caspers, Vandenburgh & Lindquist, as Receiver, without bond, for (1) the estates of Defendants Trevor G. Cook ("Cook"), Patrick J. Kiley ("Kiley"), (2) Defendants UBS Diversified Growth LLC, Universal Brokerage FX Management, LLC, Oxford Global Advisors, LLC, Oxford Global

FILED 11/24/09
RICHARD D. SLETTEN
JUDGMENT ENTD
DEPUTY CLERK



Partners, LLC (the "Defendant Shell Companies"), (3) Relief Defendants Basel Group, LLC, Crown Forex, LLC, Market Shot, LLC, PFG Coin and Bullion, Oxford Developers, S.A., Oxford FX Growth, L.P., Oxford Global Managed Futures Fund, UBS Diversified FX Advisors, LLC, UBS Diversified FX Growth L.P., and UBS Diversified FX Management, LLC (the "Relief Defendant Shell Companies"), (4) all funds, accounts, and other assets held by or for Relief Defendants Clifford Berg and Ellen Berg, which were received, directly or indirectly, from the Defendants or were acquired with funds or other assets received, directly or indirectly, from the Defendants; and (5) every other corporation, partnership, trust and/or other entity (regardless of form) which is directly or indirectly owned by or under the direct or indirect control of Cook and Kiley. The estates for which R.J. Zayed is hereby appointed Receiver are hereinafter referred to as the "Receiver Estates."

**IT IS FURTHER ORDERED THAT:**

**I.**

The Receiver shall have the following powers and duties:

A. To use reasonable efforts to determine the nature, location and value of all assets and property which the Receiver Estates own, possess, have a beneficial interest in, or control;

B. To engage and employ the law firm of Carlson, Caspers, Vandenburgh & Lindquist, and, with the approval of the Court, any individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

2

C. To take custody, control and possession of all the funds, property, premises, leases, and other assets of or in the possession or under the direct or indirect control of the Receiver Estates, to manage, control, operate and maintain the Receiver Estates, to use income, earnings, rents and profits of the Receiver Estates, with full power to sue for and collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other papers of the Receiver Estates;

D. To bring such legal actions based on law or equity in any state, federal, or foreign court as he deems necessary or appropriate in discharging his duties as Receiver;

E. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receiver Estates;

F. To make such payments and disbursements from the funds so taken into his custody, control and possession or thereafter received, and to incur such expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

G. Take such action as necessary and appropriate to prevent the dissipation or concealment of any funds or assets or for the preservation of any such funds and assets of the Receiver Estates;

H. Have the authority to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and the Local

Rules for the United States District Court for the District of Minnesota (without being subject to the limits imposed by Fed. R. Civ. P. 26 (d)(1)) concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the Receiver Estates;

I. To take any action which could be taken by the officers, directors, partners, members, and trustees of the Receiver Estates;

J. To suspend, terminate or grant a leave of absence to any employees of the Receiver Estates; and

K. To take such other action as may be approved by this Court.

## II.

The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receiver Estates. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and shall be subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly. The Commission shall have the opportunity to review and, at its sole discretion, object to any application of the Receiver and Retained Personnel for compensation. Amounts paid to the Receiver and Retained Personnel shall be paid from the assets frozen by the Court's Order dated November 23, 2009 ("Asset Freeze Order"), and any extensions, renewals or modifications thereof.

4

### III.

The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

### IV.

The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

### V.

The Receiver shall establish one or more bank account(s), in his discretion, to deposit the Receiver Estates' frozen funds and any other funds the Receiver may recover. The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

## VI.

Defendants Cook and Kiley, the Defendant Shell Companies, the Relief Defendants, their agents, servants, employees, and attorneys, and any persons acting for or on behalf of the Receiver Estates, are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## VII.

All investors, borrowers, creditors, and other persons, and all others acting on behalf of any such investor, borrower, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

A. Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting any of the Defendants, Relief Defendants, or Receiver Estates;

B. Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the Receiver Estates, including, without limitation, any property owned by or in the possession of the Defendants, Relief Defendants, or the Receiver, wherever situated;

C. Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement

6

or other agreement with the Defendants or Relief Defendants, or otherwise affecting the Receiver Estates, without the agreement of the Receiver; and

D. Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any assets of the Receiver Estates, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receiver Estates.

## VIII.

From time to time, upon application of the Receiver, the Court shall reissue this Order and upon applications of the Receiver may amend this Order.

## IX.

All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are ordered to turn over to the Receiver any and all property, including records of any nature, of which any of the Receiver Estates are the owners or have an interest in immediately upon receiving notice of the entry of this Order.

## X.

No person holding or claiming any position of any sort with any of the Receiver Estates shall possess any authority to act by or on behalf of any of the Receiver Estates.

## XI.

No shareholders, partners, members, or trustees of any of corporations, partnerships, limited liability companies, or trusts that are among the Receiver Estates

shall exercise any of their rights or powers with respect to the Receiver Estates until further order of the Court.

## XII.

Defendants Cook and Kiley, the Defendant Shell Companies, the Relief Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receiver Estates, and any persons receiving notice of this order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning or in any way conveying any property or assets of the Receiver Estates and from the transaction of any business of the Receiver Estates except with the approval of the Receiver.

## XIII.

Defendants Cook and Kiley, the Defendant Shell Companies, the Relief Defendants, their agents, servants, employees, and attorneys, any persons acting for or on behalf of the Receiver Estates, and any persons receiving notice of this order by personal service or otherwise, having possession of the property, business, books, records, accounts or assets of the Receiver Estates are hereby directed to deliver the same to the Receiver, his or her agents and/or employees.

## XIV.

Defendants Cook and Kiley, the Defendant Shell Companies, the Relief Defendants, their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receiver Estates, and entities under their direct or indirect control shall

cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver, in the performance of his or her duties.

## XV.

Any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Receiver Estates or under their control, that receives actual notice of this order by personal service, facsimile transmission or otherwise shall, within three (3) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

## XVI.

The Receiver shall be empowered, but is not required, to file voluntary petitions for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estates. If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate each of the Receiver Estates as a debtor in possession. The Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Should the Receiver elect to file petitions under Title 11 of the United States Code for any of the Receiver

Estates, he or she shall have 15 days from the date of such filing to file with the Bankruptcy Court any lists or schedules required to be filed with such petitions, this Court recognizing that the Receiver will require time to assemble such data for filing.

### XVII.

The Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estates. The Receiver is further authorized to record this Order with government offices and to serve this Order on any person as he deems appropriate in furtherance of his responsibilities in this matter. All government offices which maintain public files of security interests in real and personal property are hereby ordered to record this Order when requested to do so by the Receiver or the Commission.

### XVIII.

The Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of the Defendants or Relief Defendants to comply in any way with the terms of this Order.

## XIX.

No provision of this Order shall require the waiver of, or otherwise impinge upon, any person's rights to assert any applicable Constitutional or other privilege in lieu of complying with the terms of this Order.

**SO ORDERED.**

Date: 11-24-09

_____
**MICHAEL J. DAVIS
CHIEF JUDGE
UNITED STATES DISTRICT COURT**